Jennifer L. TOBIN, as administratrix
of the Estate of GMT deceased; et
al., Plaintiffs—Appellants,

v.

State of WASHINGTON; et al.,
Defendants—Appellees.

No. 07–36012.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed May 18, 2009.

Benjamin Franklin Barcus, Paul Linden-
muth, Esq., Law Offices of Ben F. Barcus,
Tacoma, WA, for Plaintiffs–Appellants.

Victor M. Minjares, Esq., Peter J.
Helmberger, Esq., AGWA–Office of the
Washington Attorney General, Olympia,
WA, for Defendants–Appellees.

Before: WARDLAW, PAEZ, and N.R.
SMITH, Circuit Judges.

MEMORANDUM *

Jennifer L. and Christopher M. Tobin
appeal from the district court's grant of
summary judgment in favor of state-actor

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

defendants Amy Cichowski, Victor Berdecia, Mary Kay Quinlan, and Eavanne O'Donoghue, on their 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We reject the Tobins' contention that the district court misapplied the summary judgment standard by engaging in impermissible factfinding. The district court properly viewed the record in the light most favorable to the Tobins, but concluded that even in this light the Tobins failed to state a 42 U.S.C. § 1983 claim that would survive defendants' assertion of qualified immunity. Nor did the district court err in striking certain exhibits the Tobins submitted. The Tobins failed to establish the relevance of these exhibits, both before the district court and before us.

We do not reach the question of whether the district court erred in concluding that, as a matter of law, the licensing of Little Fish's daycare facility did not violate the Tobins' due process rights under the state-created danger theory. Nor do we resolve whether these licensing activities are affirmative acts that were performed with deliberate indifference to the Tobins' constitutional rights. *See Johnson v. City of Seattle,* 474 F.3d 634, 638–41 (9th Cir. 2007). Instead, exercising the discretion the Supreme Court permitted in *Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 818–21, 172 L.Ed.2d 565 (2009), we uphold the district court's determination that any asserted due process violation was not a "clearly established" constitutional right, *see id.* at 816.

Defendants performed various roles in a licensing scheme that was created to increase the safety and security of home daycare facilities through inspection and other procedures. Even assuming defendants performed their roles with a will-

ful disregard for the safety of the children who might be placed in these facilities, no Supreme Court or Ninth Circuit precedent suggests that licensing activities of this nature may expose state actors to liability for constitutional torts. *Cf. DeShaney v. Winnebago County Dep't of Soc. Serv.,* 489 U.S. 189, 201–02, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Moreover, in the absence of controlling precedent, the Tenth Circuit's decision in *Ruiz v. McDonnell,* 299 F.3d 1173 (10th Cir.2002), would lead a reasonable state actor to conclude that such liability was foreclosed. *See Pearson,* 129 S.Ct. at 822–23; *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1065 (9th Cir. 2006) ("To determine whether a right is clearly established, the reviewing court must consider whether a reasonable officer would recognize that his or her conduct violates that right under the circumstances faced, and in light of the law that existed at that time.").

**AFFIRMED.**